## No. 23109.

Denver-Climax Truck Line, Inc., a Colorado corporation *v.* Jim Chelf, Inc., a Colorado corporation, The Public Utilities Commission of the State of Colorado, and Henry E. Zarlengo, Howard S. Bjelland and Ralph C. Horton, as Members thereof.

(445 P.2d 399)

Decided September 30, 1968.

John P. Thompson, for plaintiffs in error.

John J. Conway, for defendant in error Contract

Carriers Conference of the Colorado Motor Carriers Association.

DUKE W. DUNBAR, Attorney General, ROBERT LEE KESSLER, Assistant, for defendant in error Public Utilities Commission of the State of Colorado.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THE ultimate issue to be resolved in this writ of error is whether C.R.S. 1963, 115-11-5(2) requires that Jim Chelf, Inc., a private carrier, charge rates which are *no less* than those of Denver-Climax Truck Lines, Inc., a common carrier, when the former is transporting concrete pipe to points served by Denver-Climax.

The more precise issue posed by this writ of error is whether Chelf is in fact "competing" with Denver-Climax by rendering a service which is "substantially the same or similar" to that offered by Denver-Climax. It is agreed by the parties that if Chelf is thus competing with Denver-Climax by rendering a service which is substantially the same or similar to that offered by Denver-Climax, then by virtue of C.R.S. 1963, 115-11-5(2) Chelf's rates cannot be less than the rates of Denver-Climax. However, if Chelf is *not* competing with Denver-Climax and if the former is *not* rendering a service substantially the same or similar to that of Denver-Climax, then the terms and provisions of C.R.S. 1963, 115-11-5(2) do not come into play and the tariff filed by Chelf with the Public Utilities Commission is lawful, even though calling for rates less than those of Denver-Climax.

The Public Utilities Commission held a lengthy hearing on this matter at which time the testimony of some seven witnesses was taken. Eventually the Commission made a determination that Chelf was not "competing"

with Denver-Climax or other common carrier and that on the contrary Chelf was offering a "highly specialized" service which was not substantially the same or similar to that offered by Denver-Climax. Hence, the only question we are now called upon to resolve is whether there is evidence to support the determination thus made by the Commission.

 Our study of the record as made before the Commission convinces us that there is evidence to support the findings and conclusions of the Commission, and such being the case the decision of the Commission must be upheld. We perceive no good purpose in detailing the evidence which in our view supports the determination of the Commission that Chelf was not offering a service which was "substantially the same" as the service offered by Denver-Climax, but on the contrary was offering a "custom service" requiring "specialized equipment" and "highly trained drivers" which, among other things, enabled Chelf to "string" the pipe along the proposed pipeline route. True, there was testimony to the contrary, but this posed a disputed issue to be resolved by the Commission, and not the courts. *Southeast Colorado Power Association v. P.U.C.*, 163 Colo. 92, 428 P.2d 939.

The judgment of the trial court, which upheld the decision of the Commission, is therefore affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.